IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID EMERSON,<br><br>Plaintiff,<br>vs.<br><br>GUIDANT CORPORATION, GUIDANT SALES CORPORATION, and Sales representatives, CARDIAC PACEMAKERS, INC., and Fictitious Defendants A, B, C, D, E, F, being those persons, Sales Representatives, firms or corporations whose fraud, scheme to defraud, negligence and/or other wrongful conduct caused or contributed to the Plaintiff's injuries and damages, and whose true names and identities are presently unknown to the Plaintiff but will be substituted by amendment when ascertained,<br><br>Defendants. | Case Number 2:06cv525-ID |

**NOTICE OF REMOVAL BY DEFENDANTS GUIDANT CORPORATION, GUIDANT SALES CORPORATION AND CARDIAC PACEMAKERS, INC.**

Defendants Guidant Corporation ("Guidant"), Guidant Sales Corporation ("GSC") and Cardiac Pacemakers, Inc. ("CPI") (collectively,

- 1 -

"Defendants"),[1] pursuant to the provisions of 28 U.S.C. § 1441(a) and (b) and 28 U.S.C. § 1446, file this Notice of Removal of this cause from the Circuit Court for Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division. In support of this Notice of Removal, Defendants state as follows:

1. On May 18, 2006, Plaintiff filed this action against Defendants. A copy of Plaintiff's Complaint filed in the Circuit Court for Montgomery County, Alabama, along with the entire state court file for this case, is attached as "Exhibit A." The action is styled as *David Emerson, Plaintiff vs. Guidant Corporation, Guidant Sales Corporation, and Sales representatives, Cardiac Pacemakers, Inc., and Fictitious Defendants A, B, C, D, E, F, being those person, Sales Representatives, Firms or corporations whose fraud, scheme to defraud, negligence and/or other wrongful conduct caused or contributed to the Plaintiff's injuries and damages, and whose true names and identities are presently unknown to the Plaintiff but will be substituted by amendment when ascertained, Defendants*, in the Circuit Court for Montgomery County, Alabama.

2. On May 26, 2006, Guidant was served with Plaintiff's Complaint through its agent for service of process, CT Corporation System, which

---

[1] Cardiac Pacemakers, Inc. ("CPI"), a wholly-owned subsidiary of Guidant Corporation, designed and manufactured the medical device at issue in this case. Because Guidant Corporation played no part in the design, manufacture or distribution of this device, it is an improper party to this suit and should be dismissed.

was the first pleading received by a properly-joined Defendant setting forth the claims for relief on which this action is based. On May 31, 2006, CPI was served through its agent for service of process, CT Corporation System. Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon" Defendants is attached as "Exhibit B."

      3.    Defendants file this Notice of Removal within 30 days of receipt of the initial pleadings, as prescribed by Federal Rule of Civil Procedure Rule 6, and within one year of the commencement of this action as required by 28 U.S.C. § 1446(b). *See also Murphy Brothers, Inc., v. Michetti Pipe Stringing, Inc.* 526 U.S. 344 (1999). Furthermore, Defendants have not answered Plaintiff's Complaint, or otherwise appeared in the state court action. No previous application for removal has been made.

      4.    Accordingly, removal of this action is timely.

      5.    This suit is an action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and is one that may be removed to this Court under the provisions of 28 U.S.C. § 1441. Removal under Section 1441 is appropriate in that there exists complete diversity of citizenship between Plaintiff and all properly-joined Defendants in the underlying cause, and the amount in controversy exceeds $75,000. Additionally, this action is being

removed to the District Court that embraces the county in which the state court action is now pending, and thus, this Court is the proper venue for this action pursuant to 28 U.S.C. § 81(b)(1).

6. Plaintiff is a citizen of Alabama. *See* Complaint at ¶ 1.

7. Guidant is a foreign corporation. Guidant is an Indiana corporation with its principal place of business in Indianapolis, Indiana. Thus, pursuant to 28 U.S.C. § 1332(c)(1), Guidant is a citizen of Indiana.

8. GSC is a foreign corporation. GSC is an Indiana corporation with its principal place of business in Indianapolis, Indiana. Thus, pursuant to 28 U.S.C. § 1332(c)(1), GSC is a citizen of Indiana.

9. CPI is a foreign corporation. CPI is a Minnesota corporation with its principal place of business in St. Paul, Minnesota. Thus, pursuant to 28 U.S.C. § 1332(c)(1), CPI is a citizen of Minnesota.

10. For purposes of removal, the citizenship of Defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441(a).

11. Pursuant to 28 U.S.C. § 1332, complete diversity of citizenship exists between Plaintiff and Defendants.

12. Based on Plaintiffs' allegations and the damages sought, the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff has sued Defendants for strict liability, negligence, express warranty, implied warranty, and fraud. Plaintiff seeks compensatory and punitive damages, as well as "costs and any other relief [the] Court deems just." *See* Complaint at p. 6.

13. Alabama juries in product liability cases routinely render verdicts in excess of $75,000 exclusive of interest and costs. *See Flagstar Enterprises, Inc. v. Maureen Davis*, 709 So.2d 1132 (Ala. 1998) (products liability action by a woman who found human blood in Styrofoam package containing biscuit gravy, awarded $250,000); *see also Castleberry v. Cantrell Mach. Co.*, 2004 WL 3201180 (Ala. Cir. Ct., Blount County, Sept. 2, 2004) (products liability action by a woman whose hand was injured by a chicken heart and liver harvesting machine, awarded $950,000); *Hobart Corp. v. Scottie W. Scoggins*, 776 So.2d 56 (Ala. 2000) (products liability action by a man who was injured while using a meat saw manufactured by Hobart, awarded $510,000 compensatory damages and $10,000,000 punitive damages); *Toole v. McClintock*, 999 F.2d 1430 (11th Cir. 1993) (addressing on appeal an award of $400,000 in compensatory damages and $5,000,000 in punitive damages in a medical product liability case); *Benford v. Richard's Medical Co.*, 792 F.2d 1537 (11th Cir. 1986) (discussing an award of $165,000 in compensatory and $100,000 in punitive damages in a medical product

liability case). Thus, there is no question that the amount in controversy exceeds $75,000, exclusive of interest and costs.

14. As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000 and is between citizens of different states.

15. A copy of this Notice of Removal is being served on Plaintiff and filed with the Circuit Court for Montgomery County, Alabama.

WHEREFORE, Defendants give notice that the matter styled as *David Emerson, Plaintiff vs. Guidant Corporation, Guidant Sales Corporation, and Sales representatives, Cardiac Pacemakers, Inc., and Fictitious Defendants A, B, C, D, E, F, being those person, Sales Representatives, Firms or corporations whose fraud, scheme to defraud, negligence and/or other wrongful conduct caused or contributed to the Plaintiff's injuries and damages, and whose true names and identities are presently unknown to the Plaintiff but will be substituted by amendment when ascertained, Defendants*, in the Circuit Court for Montgomery County, Alabama is removed to the United States District Court for the Middle District of Alabama, Northern Division, and request that this Court retain jurisdiction for all further proceedings.

Respectfully submitted this the 13 day of June 2006.

Respectfully submitted,

_/s/ George R Parker_
George R. Parker
BRADLEY ARANT ROSE & WHITE LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
E-mail: gparker@bradleyarant.com

Fred M. Haston III
Andrew B. Johnson
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
E-mail: ajohnson@bradleyarant.com
thaston@bradleyarant.com
Attorneys for Defendants Guidant Corporation, Guidant Sales Corporation and Cardiac Pacemakers, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing via U.S. Mail, on this 13 day of June, 2006, to the following:

Thomas P. Melton
Alvis & Willingham, LLP
1400 Urban Center Drive, Ste. 475
Birmingham, Alabama 35242
*Counsel for Plaintiff*

George R. Parker
OF COUNSEL