IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2006 JUN 13 P 3:53

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| DAVID EMERSON,<br><br>Plaintiff,<br>vs.<br><br>GUIDANT CORPORATION, GUIDANT SALES CORPORATION, and Sales representatives, CARDIAC PACEMAKERS, INC., and Fictitious Defendants A, B, C, D, E, F, being those persons, Sales Representatives, firms or corporations whose fraud, scheme to defraud, negligence and/or other wrongful conduct caused or contributed to the Plaintiff's injuries and damages, and whose true names and identities are presently unknown to the Plaintiff but will be substituted by amendment when ascertained,<br><br>Defendants. | Case Number 2:06cv525-ID |

**DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS
IN THIS COURT PENDING TRANSFER TO MDL 1708**

Defendants Guidant Corporation, Guidant Sales Corporation and Cardiac Pacemakers, Inc. ("Defendants") hereby move the Court pursuant to Rule 6(b) of the Federal Rules of Civil Procedure to stay all proceedings – including, but not limited to, (i) the time period for Defendants to answer or otherwise respond to

Plaintiff's Complaint, (ii) the period for initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, and (iii) other discovery and pretrial deadlines -- pending the Judicial Panel on Multidistrict Litigation's ("JPML") decision regarding transfer of Plaintiff's claims against Defendants to MDL 1708. In support of this motion, Defendants state:

1. Plaintiff's claims in this action arise out of David Emerson's implantation of an allegedly-defective cardiac medical device allegedly manufactured by Defendants.[1]

2. Over 320 cases involving allegedly-defective cardiac medical devices manufactured by Cardiac Pacemakers, Inc. ("CPI") have been filed in or removed to federal courts throughout the country. On November 7, 2005, the JPML established an MDL Court and began transferring cases involving these allegedly-defective cardiac devices to the United States District Court for the District of Minnesota for consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407, attached hereto as **Exhibit A**. Among the primary purposes of consolidating these cases cited by the JPML was to conserve judicial resources and to avoid inconsistent rulings.

---

[1] Cardiac Pacemakers, Inc. ("CPI"), a wholly-owned subsidiary of Guidant Corporation, designed and manufactured the medical devices at issue in this case. Because Guidant Corporation played no part in the design, manufacture or distribution of this device, it is an improper party to this suit and should be dismissed.

2

3. As set forth in the Memorandum of Law, filed contemporaneously with this Motion, proceedings involving claims such as those presented in this case are routinely stayed pending transfer to an MDL Court. Since the MDL Court was created, nearly 300 cases have been transferred or ordered to be transferred to that Court.

4. Defendants intend to notify the JPML that Plaintiff's claims against Defendants are appropriate for transfer to the MDL Court in the near future. *See, e.g.,* Defendants 27th Notice of Potential Tag-Along Actions, attached hereto as **Exhibit B**. Defendants expect that the JPML will transfer this case promptly.

5. A stay of all proceedings in this Court pending transfer is appropriate because such a stay will promote judicial economy and consistency. Transfer of this case will permit the MDL Court to decide consistently the many issues that are likely to arise in the cases pending against Defendants throughout the country. District Courts in various jurisdictions, including the Northern District of Alabama, have stayed similar cases pending their transfer to MDL 1708. *See* **Exhibit C**.

6. A stay in this Court pending transfer to the MDL Court will not prejudice Plaintiff. Once Plaintiff's claims are pending in the MDL Court, the parties will be subject to a rigorous pretrial schedule.

Respectfully submitted this the 13th day of June 2006.

Respectfully submitted,

_____
George R. Parker
BRADLEY ARANT ROSE & WHITE LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
E-mail: gparker@bradleyarant.com

Fred M. Haston III
Andrew B. Johnson
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
E-mail: ajohnson@bradleyarant.com
thaston@bradleyarant.com
Attorneys for Defendants Guidant
Corporation, Guidant Sales Corporation and
Cardiac Pacemakers, Inc.

4

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing via U.S. Mail, on this 13th day of June, 2006, to the following:

Thomas P. Melton
Alvis & Willingham, LLP
1400 Urban Center Drive, Ste. 475
Birmingham, Alabama 35242
*Counsel for Plaintiff*

_____
OF COUNSEL