## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

**DAVID EMERSON,**

          Plaintiff,

   vs.

**GUIDANT CORPORATION, GUIDANT SALES CORPORATION, and Sales representatives, CARDIAC PACEMAKERS, INC., and Fictitious Defendants A, B, C, D, E, F, being those persons, Sales Representatives, firms or corporations whose fraud, scheme to defraud, negligence and/or other wrongful conduct caused or contributed to the Plaintiff's injuries and damages, and whose true names and identities are presently unknown to the Plaintiff but will be substituted by amendment when ascertained,**

          Defendants.

**Case Number** 2 : 06cv 525 - 1 D

## MEMORANDUM IN SUPPORT OF DEFENDANTS'
## MOTION TO STAY ALL PROCEEDINGS IN THIS COURT
## <u>PENDING TRANSFER TO MDL 1708</u>

## I.   INTRODUCTION

This action is one of over 320 cases pending in federal courts throughout the country against Guidant Corporation ("Guidant"), Guidant Sales Corporation

("GSC") or Cardiac Pacemakers, Inc. ("CPI") based on the implantation of allegedly-defective cardiac medical devices. Plaintiff filed his Complaint on May 18, 2006, in the Circuit Court for Montgomery County, Alabama. Plaintiff served Guidant and GSC on May 26, 2006 and CPI on May 31, 2006. Defendants removed this case on June 13, 2006.

In June 2005, certain physician advisories about cardiac medical devices manufactured by CPI were classified as recalls by the Federal Food and Drug Administration ("FDA"). Since that time, more than 320 cases have been filed in or removed to federal courts throughout the country alleging injuries resulting from the implantation of these devices. On November 7, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") created an MDL Court entitled *In Re Guidant Corp. Implantable Defibrillators Products Liability Litigation,* MDL Docket No. 1708 (D. Minn.) (Transfer Order, **Exhibit A**), for coordinated and consolidated pretrial proceedings in these cases. The JPML consolidated these cases to "eliminate duplicative discovery, prevent inconsistent pretrial rulings…and conserve the resources of the parties, their counsel and the judiciary." *Id.* All of these goals would be realized by staying this case pending transfer to the MDL Court.

Currently, there are nearly 300 cases that have been formally transferred to the MDL Court. Shortly, Defendants will notice this action to the JPML as a

potential tag-along action and the JPML will most likely issue a Conditional Transfer Order in the near future regarding this case. Once this case is transferred to the MDL Court, all pretrial issues will be governed by scheduling orders entered by the Honorable Donovan W. Frank, who presides over MDL 1708. For reasons of uniformity and judicial economy, proceedings in this action should be stayed pending transfer to the MDL Court.

## II.    ARGUMENT

The other cases against Defendants pending throughout the country involve similar allegations that certain cardiac medical devices made by CPI are defective. As such, this case should be transferred to the MDL. In the interests of judicial economy, this Court should stay all proceedings in this action pending transfer to the MDL Court.

### A.    Federal Courts Have Broad Discretion To Stay Proceedings

Federal courts possess the inherent power to control their dockets by staying proceedings, and such stays are particularly valuable in promoting the purposes of the JPML, which is designed to promote judicial efficiency and consistency. *See* 28 U.S.C. § 1407(a). A stay of proceedings by this Court would assist the designated MDL Court to achieve its goals of conserving judicial resources and ensuring uniform rulings on pretrial matters while avoiding duplicative and costly burdens on litigants.

3

This Court's authority to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.,* 229 U.S. 248, 254 (1936). A court has broad discretion to grant a motion to stay pretrial proceedings pending transfer to another court. *See Portnoy v. Zenith Labs,* No. 86-3512, 1987 WL 10236, at *1 (D.D.C. April 21, 1987); *see also Clinton v. Jones*, 520 U.S. 681, 706-707 (1997) (citing *Landis,* 299 U.S. at 254). Other district courts throughout the country have consistently stayed proceedings in similar actions against Defendants pending their transfer to the MDL Court. *See, e.g., Schuck v. Guidant Corp., et al*, No. 2:06-cv-00101-RRA (N.D. Al. Jan. 27, 2006) (Order Granting Stay, Armstrong, J); *Casanova v. Guidant Corp., et al.,* No. 2:05-CV-4044 (E.D. La. Dec. 2, 2005) (Order Granting Stay, Lemelle, J.); *Messick v. Guidant Corp., et al.,* No. 2:05-CV-4017 (E.D. La. Nov. 30, 2005) (Order Granting Stay, Zainey, J.); *Haberle v. Guidant Corp., et al.,* No. 05-1456 (M.D. Fla. Nov. 4, 2005) (Order Granting Stay, Lazzara, J.); *Pepper v. Guidant Corp., et al.,* No. 05-1606 (M.D. Fla. Nov. 4, 2005) (Order Granting Stay, Kovachevich, J.); *Smith v. Guidant Corp.,* No. 05-728 (M.D. Fla. Nov. 8, 2005) (Order Granting Stay, Schlesinger, J.); *Rebone v. Guidant Corp., et al.,* No. 05-379 (M.D. Fla. Nov. 4, 2005) (Order Granting Stay, Jones, J.); *Cipolla v. Guidant Corp., et al.,* No. 4:05-CV-939 (W.D. Mo. Nov. 8, 2005) (Order Granting

Stay, Whipple, J.); *Terry v. Guidant Corp., et al.*, No. 05-1007-CV (W.D. Mo. Dec. 1, 2005) (Order Granting Postponement, Wright, J.); *Micelli v. Guidant Corp., et al.,* No. 05-309 (N.D. Fla. Oct. 18, 2005) (Order Granting Extension, Rodgers, J.); *Lyle v. Guidant Corp., et al.*, No. 4:05-CV-00720 (M.D.N.C. Nov. 22, 2005) (Order Granting Extension, Eliason, J.); *Harkonen v. Guidant Corp., et al.,* No. 05-80851 (S.D. Fla. Nov. 1, 2005) (Order Granting Extension, Ryskamp, J.) (collectively attached hereto as **Exhibit C**).

### B.  Efficiency and Consistency Should Guide the Court's Decision To Stay

In determining whether a stay is appropriate, courts consider judicial economy and efficiency as well as the risk of "inconsistent pretrial rulings." *Johnson v. AMR Corp.*, Nos. 95-C-7659 – 95-C-7664, 1996 WL 164415, at *3 (N.D. Ill. Apr. 3, 1996) (granting stay and preserving decision on remand motion for MDL transferee court); *see also Rivers v. Walt Disney Co.,* 980 F. Supp. 1358, 1360-1362 (C.D. Cal. 1997) (granting stay where remand motion was pending and an MDL Court had not yet been selected in order to conserve judicial resources). This analysis is often accompanied by a balancing of the relative hardships of each party in the event that a stay is granted or denied. *See Meyers v. Bayer AG,* 143 F. Supp. 2d 1044, 1053 (E.D. Wis. 2001) (granting a stay where defendant faced the same or similar issues on remand in eight other cases because interest of judicial

economy outweighed the burden of delay); *Am. Seafood, Inc. v. Magnolia Processing, Inc.,* Nos. 92-1030, 92-1086, 1992 WL 102762, at *1, 2 (E.D. Pa. May 7, 1992); *Tench,* 1999 WL 1044923, at *2.

Accordingly, courts routinely grant stays where Defendants face substantial harm in the form of duplicative motion practice and discovery. *See Meyers,* 143 F. Supp. 2d at 1053. This is especially true where, as here, the anticipated delay is short. *See Am. Seafood,* 1992 WL 102762, at *2 (finding that "[d]uplicative motion practice and discovery heavily outweigh the possible prejudice the short time period that the proceedings stayed will cause the plaintiffs"); *Tench,* 1999 WL 1044923, at *2 (granting stay where plaintiff suffered no prejudice by short time delay). As illustrated below, these factors weigh heavily in favor of a stay in this case.

## 1.    A Stay Will Conserve the Resources of the Court and Litigants

A stay pending transfer is warranted in this case as a matter of judicial efficiency. A stay is appropriate here to protect both courts and litigants from engaging in costly, duplicative efforts, especially in light of the purposes of the MDL. *See Ivy,* 901 F.2d at 9. A stay here will avoid duplicative motion practice and discovery. Without a stay, motion practice and discovery might commence in

this action only to have the case later transferred to the MDL Court, thereby creating needless, duplicative efforts.

### 2. A Stay Will Promote Consistency in Pretrial Rulings

Courts routinely grant stays pending transfer to an MDL in order to provide greater consistency in pretrial rulings. *See, e.g., Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft,* 48 F. Supp. 2d 37, 43 (D.D.C. 1999) (granting stay in order to "eliminate the potential for conflicting pretrial rulings" and to further judicial economy). Considering the sheer volume of cases involving similar claims throughout numerous jurisdictions, consistency of pretrial rulings is of paramount importance. Consistency is best achieved by granting a stay pending transfer to the MDL, where all pretrial issues can be decided by one court in a uniform manner.

### 3. The Balance of Convenience Strongly Favors a Stay

A court may weigh the relative benefits and harms to litigants in deciding whether to grant a stay. *See Portnoy,* 1987 WL 10236, at *1 (D.D.C. April 21, 1987) (deciding that justice would be furthered by a stay of proceedings after examining the harm to plaintiff and finding that any resultant delay would be minimal); *Republic of Venezuela v. Philip Morris Co.,* 1999 WL 339211677 (S.D. Fla., April 28, 1999) (staying case pending transfer to MDL Court because of lack of prejudice).

In contrast to the significant burdens imposed upon Defendants, who are exposed to potentially duplicative and inconsistent pretrial rulings and discovery, the harm, if any, to Plaintiff resulting from a brief stay, would be minimal. *See Rosenfeld v. Hartford Ins. Co.,* Nos. 88 CIV. 2153 (MJL), 88 CIV. 2252 (MJL), 1988 WL 49065, at *2 (S.D.N.Y. May 12, 1988) ("[w]hile they may suffer some initial delay, once the cases are coordinated and the defendants are able to respond to all the complaints in a coordinated manner, more time may well be saved than was lost"); *Falgoust,* 2000 WL 462919, at *2 (granting stay where moving party demonstrated harm would result if stay was withheld while non-movant failed to show she would be significantly prejudiced). As noted above, transfer is likely to promptly occur. Any delay here would be short, and, in the long run, it is likely that more time and effort will be saved by more efficient, consolidated proceedings than would be lost during the period of the stay.

## III.  CONCLUSION

For these reasons, the Court should stay all proceedings in this matter, including, but not limited to, responding to the complaint, participating in any discovery, and complying with any pretrial deadlines, pending transfer of this action to the MDL Court.


Respectfully submitted this the 13th day of June 2006.

Respectfully submitted,

George R. Parker
BRADLEY ARANT ROSE & WHITE LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
E-mail: gparker@bradleyarant.com

Fred M. Haston III
Andrew B. Johnson
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
E-mail: ajohnson@bradleyarant.com
thaston@bradleyarant.com
Attorneys for Defendants Guidant
Corporation, Guidant Sales Corporation and
Cardiac Pacemakers, Inc.

9

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing via U.S. Mail, on this 13th day of June, 2006, to the following:

Thomas P. Melton
Alvis & Willingham, LLP
1400 Urban Center Drive, Ste. 475
Birmingham, Alabama 35242
*Counsel for Plaintiff*

_____
OF COUNSEL