Case 2:06-cv-00525-ID-SRW   Document 4-2   Filed 06/13/2006   Page 1 of 3
Case 3:06-cv-00375-RGJ-KLH   Document 13   Filed 03/16/2006   Page 1 of 3
11/07/2005 11:57 FAX 2025024833   JPML   ☒002

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV -7 2005

*RELEASED FOR PUBLICATION*

FILED
CLERK'S OFFICE

*DOCKET NO. 1708*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE GUIDANT CORP. IMPLANTABLE DEFIBRILLATORS PRODUCTS LIABILITY LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation currently consists of two actions in the District of Minnesota and one action each in the Central District of California, Southern District of Florida, Southern District of Indiana and Eastern District of New York as listed on the attached Schedule A.[1] Before the Panel are two motions, pursuant to 28 U.S.C. § 1407, that taken together seek centralization for coordinated or consolidated pretrial proceedings of the six actions. Plaintiff in one District of Minnesota action and plaintiff in the Southern District of Indiana action both seek centralization in the district in which their respective actions are pending. Defendants Guidant Corp., Guidant Sales Corp., and Cardiac Pacemakers, Inc. (collectively Guidant) initially opposed the motions, but now agree that centralization is warranted; however, the defendants propose the Northern District of Illinois as transferee district. Plaintiffs in all actions before the Panel agree that centralization is appropriate, as do plaintiffs in numerous potential tag-along actions, but some responding plaintiffs suggest transferee districts other than those proposed by the movants and Guidant, including the Northern District of California, Southern District of Florida, Eastern District of New York, Northern District of Ohio, and Eastern District of Pennsylvania, among others.

On the basis of the papers filed and hearing session held, the Panel finds that these six actions involve common questions of fact, and that centralization under Section 1407 in the District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share allegations that certain implantable defibrillator devices manufactured by Guidant were defective and caused injury, or the threat of injury, to the plaintiffs and putative class members. Plaintiffs in some potential tag-along actions also bring claims related to pacemakers manufactured by Guidant. All devices at issue in these actions have been the subject of

---

[1] The Panel has been notified of over 60 potentially related actions pending in multiple federal districts. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).


EXHIBIT A

Case 2:06-cv-00525-ID-SRW    Document 4-2    Filed 06/13/2006    Page 2 of 3
Case 3:06-cv-00375-RGJ-KLH    Document 13    Filed 03/16/2006    Page 2 of 3
11/07/2005 11:57 FAX 2025024833            JPML                                    ☒003

-2-

written warnings, medical advisories, recalls, or some combination thereof. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Given the varied locations of parties and witnesses in this docket and the geographic dispersal of pending actions, it is clear that a wide array of suitable transferee districts presents itself. In concluding that the District of Minnesota is an appropriate forum for this docket, we observe that this district, where at least ten actions are already pending before one judge, is a geographically central, metropolitan district equipped with the resources that this complex products liability litigation is likely to require. The District of Minnesota also has a nexus to this docket given the location there of key Guidant facilities involved in the development and manufacturing of the relevant devices.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Minnesota are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Donovan W. Frank for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

FOR THE PANEL:

/s/ Wm. Terrell Hodges

Wm. Terrell Hodges
Chairman

Case 2:06-cv-00525-ID-SRW   Document 4-2   Filed 06/13/2006   Page 3 of 3
Case 3:06-cv-00375-RGJ-KLH   Document 13   Filed 03/16/2006   Page 3 of 3
11/07/2005 11:57 FAX 2025024833   JPML   ☒004

## SCHEDULE A

### MDL-1708 – In re Guidant Corp. Implantable Defibrillators Products Liability Litigation

#### Central District of California

*Joseph Gabriele v. Guidant Corp.*, C.A. No. 5:05-487

#### Southern District of Florida

*Eugene Clasby v. Guidant Corp.*, C.A. No. 1:05-21485

#### Southern District of Indiana

*John Brennan v. Guidant Corp., et al.*, C.A. No. 1:05-827

#### District of Minnesota

*Edith Walker v. Guidant Corp.*, C.A. No. 0:05-1141
*Darci L. Munson v. Guidant Corp., et al.*, C.A. No. 0:05-1153

#### Eastern District of New York

*Larry Wenig, et al. v. Guidant Corp., et al.*, C.A. No. 2:05-2822